DEC 18 2025 PM 12:33
FILED - USDC - FLMD - TPA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 8:25-cr-578-VMC-CPT

VETTORI ALVIN PORTER              18 U.S.C. § 1343


**INDICTMENT**           **SEALED**

The Grand Jury charges:

## COUNTS ONE THROUGH THREE
### (Wire Fraud)

### A.    Introduction

At times relevant to this Indictment:

1.     VETTORI ALVIN PORTER, a resident of the Middle District of Florida, submitted false and fraudulent applications in order to obtain loans from federal government programs to which he was not entitled.

**COVID-19 Related Programs**

2.     In or around March 2020, the President declared the ongoing Coronavirus Disease 2019 ("COVID-19") pandemic of sufficient severity and magnitude to warrant an emergency declaration for all states, tribes, territories, and the District of Columbia pursuant to section 501(b) of the Robert T. Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. 5121-5207. The President also

signed into law the Coronavirus Aid, Relief, and Economic Security ("CARES") Act and the Families First Coronavirus Response Act.

3. The SBA enabled and provided for loans through banks, credit unions and other lenders. These loans had government-backed guarantees. In addition to traditional SBA funding programs, the CARES Act established several new temporary programs and provided for the expansion of others to address the COVID-19 outbreak.

### Economic Injury Disaster Loan

4. One government response to the COVID-19 outbreak was an expansion of an existing disaster-related program—the Economic Injury Disaster Loan ("EIDL")—to provide for loan assistance (including $10,000 advances) for small businesses and other eligible entities for loans up to $2 million. The EIDL proceeds could be used to pay certain qualifying expenses (i.e., fixed debts, payroll, accounts payable, and other bills) that could have been paid had the disaster not occurred.

5. EIDL funds were issued directly from the United States Treasury, and applicants applied through the SBA via an online portal and application. The EIDL application process collected information concerning the business and the business owner. Applicants electronically certified that the information provided was accurate and were warned that any false statement or misrepresentation to the SBA or any misapplication of loan proceeds may result in sanctions, including criminal penalties.

2

*Paycheck Protection Program*

6.      One of the new loan programs was the SBA PPP, which was a loan designed, in part, to provide a direct incentive for small businesses to keep their workers on the payroll. Under this program, the SBA could forgive all or part of the borrowing business's loans provided that employees were kept on the payroll for eight weeks and borrowers submitted documentation confirming that the loan proceeds were used for certain qualifying business expenses (i.e., payroll, rent, mortgage interest, or utilities).

7.      Interested applicants applied through an existing SBA lender or any other participating federally-insured financial institution. The PPP application process required applicants to submit a Borrower Application Form through an SBA approved financial entity. The application contained information as to the purpose of the loan, average monthly payroll, number of employees, and background of the business and its owner. Applicants were also required to make certain good faith certifications, including that economic uncertainties had necessitated their loan proceeds only for the authorized purposes.

8.      Financial Institution #1 was a financial institution headquartered outside the State of Florida. VETTORI ALVIN PORTER maintained an account in his name, including the account ending in 7848 at Financial Institution #1.

9.      Lender #1 participated in the SBA's PPP as a lender, and as such, was authorized to lend funds to eligible borrowers under the terms of the PPP.

3

### B.    The Scheme and Artifice

10.    Beginning on an unknown date, but no later than in or around June 2020, and continuing through at least in or around August 2021, in the Middle District of Florida and elsewhere, the defendant,

### VETTORI ALVIN PORTER,

did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises about a material fact.

### C.    Manner and Means of the Scheme and Artifice

11.    The manner and means by which the defendant sought to accomplish the scheme and artifice included, among others, the following:

a.    It was part of the scheme and artifice that the defendant would and did prepare and submit, and cause to be prepared and submitted, materially false and fraudulent applications to federal government programs tailored to provide benefits and relief to businesses and workers negatively impacted by the COVID-19 pandemic, including the SBA PPP and EIDL programs.

b.    It was further a part of the scheme and artifice that, in order to induce the SBA and Lender #1 to fund the EIDL and PPP loans, the defendant would and did prepare and submit, and cause to be prepared and submitted, false and fraudulent applications to the SBA and Lender #1 that included multiple materially false and fraudulent representations and pretenses, including:

4

i.     Stating a gross income for the businesses indicating the businesses were in operation prior to the start of the pandemic;

ii.     representing and certifying that loan proceeds would be used for business-related purposes; and

iii.     fraudulently affirming the truth of statements in the application.

c.     It was further a part of the scheme and artifice that in order to induce Lender #1 to fund the PPP loans, the defendant would and did submit, and cause to be submitted, false and fraudulent documentation in support of said application, including Department of Treasury – Internal Revenue Service 2019 Form 1040, Schedule C, Profit and Loss from Business statements.

d.     It was further a part of the scheme and artifice that the defendant would and did cause the SBA and Lender #1 to approve the EIDL and PPP loan applications and cause to be transmitted EIDL and PPP loan proceeds via interstate wire transfers to Financial Institution #1.

e.     It was further a part of the scheme and artifice that the defendant would and did use the EIDL and PPP funds, and cause the EIDL and PPP funds to be used, for unauthorized purposes and for his own personal enrichment and the enrichment of others.

f.     It was a further part of the scheme and artifice that the defendant would and did perform acts and make statements to promote and achieve the scheme

and artifice and to misrepresent, hide, and conceal the scheme and artifice and the acts committed in furtherance thereof.

### D. Execution of the Scheme and Artifice

12. On or about the dates set forth below, in the Middle District of Florida and elsewhere, the defendant,

VETTORI ALVIN PORTER,

for the purpose of executing the aforesaid scheme and artifice, knowingly and intentionally transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce the writings, signs, signals, pictures, and sounds described below:

| COUNT | DATE OF WIRE | DESCRIPTION OF WIRE |
|---|---|---|
| ONE | July 21, 2020 | Defendant caused a wire transfer in the amount of $40,900 in EIDL funds, sent from outside of Florida to a Financial Institution #1 account in the defendant's name within the Middle District of Florida |
| Two | April 27, 2021 | Defendant caused a wire transfer in the amount of $20,833 in PPP funds, sent from outside of Florida to a Financial Institution #1 account in the defendant's name within the Middle District of Florida |
| Three | May 26, 2021 | Defendant caused a wire transfer in the amount of $20,833 in PPP funds, sent from outside of Florida to Financial Institution #1 account in the defendant's name within the Middle District of Florida |

All in violation of 18 U.S.C. § 1343.

## FORFEITURE

1.      The allegations contained in Counts One through Three are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.      Upon conviction of a violation of 18 U.S.C. § 1343, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3.      The property to be forfeited includes, but is not limited to, an order of forfeiture in the amount of approximately $82,566.00, which represents the proceeds the defendant obtained from the offenses.

4.      If any of the property described above, as a result of any act or omission of the defendant:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      d.      has been commingled with other property which cannot be divided without difficulty,

7

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL

_____
Foreperson

GREGORY W. KEHOE
United States Attorney

By:  _____
Merrilyn E. Hoenemeyer
Assistant United States Attorney

By:  _____
Gregory D. Pizzo
Assistant United States Attorney
Chief, Economic Crimes Section

8

FORM OBD-34

December 25

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Tampa Division

## THE UNITED STATES OF AMERICA

vs.

## VETTORI ALVIN PORTER

## INDICTMENT

Violations: 18 U.S.C. § 1343

A true bill,

_____

Filed in open court this 18th day

of December 2025.

_Holling Sanders_
Clerk

Bail $_____

GPO 863 525