UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:25-cr-578-VMC-CPT

VETTORI ALVIN PORTER

**NOTICE OF MAXIMUM PENALTIES, ELEMENTS OF OFFENSE, PERSONALIZATION OF ELEMENTS AND FACTUAL BASIS**

The United States of America, by Gregory W. Kehoe, United States Attorney for the Middle District of Florida, hereby files this Notice of Maximum Penalties, Elements of Offense, and Factual Basis, stating as follows:

ESSENTIAL ELEMENTS

The essential elements of a violation of 18 U.S.C. § 1343, Wire Fraud are as follows:

First: The defendant knowingly devised or participated in a scheme to defraud, or obtain money or property by using false pretenses, representations, or promises;

Second: The false pretenses, representations, or promises were about a material fact;

Third: The defendant acted with the intent to defraud; and

Fourth: The defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

## PENALTIES

Counts One, Two, and Three carry a maximum sentence of 30 years imprisonment, a fine of $1,000,000, a term of supervised release of not more than 5 years, and a special assessment of $100 per felony count for individuals.

Under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), for the enhancement under 18 U.S.C. § 1040 to apply, the United States must prove the defendant received a benefit that was paid in connection with a major disaster declaration under section 501 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. §§ 5121-5207.

## RESTITUTION

Pursuant to 18 U.S.C. § 3663A(a) and (b), the Court may order the defendant to make full restitution of at least $82,666.00 to the victim, the Small Business Administration.

## FORFEITURE OF ASSETS

The defendant must forfeit property, pursuant 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as outlined in the Indictment. The property to be forfeited includes, but is not limited to, an order of forfeiture in the amount of approximately $82,566.00, which represents the proceeds of the offense the defendant received to which he is to plead guilty.

## FACTUAL BASIS

The United States Small Business Administration (SBA) was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses. The SBA enabled and provided for loans through banks, credit unions, and other lenders. These loans had government-backed guarantees. In addition to traditional SBA funding programs, the Coronavirus Aid, Relief, and Economic Security (CARES) Act, which was signed into law in March 2020, established several new temporary programs and provided for the expansion of others to address a Presidentially declared disaster, the COVID-19 outbreak.

One government response to the COVID-19 outbreak was an expansion of an existing disaster-related program—the Economic Injury Disaster Loan (EIDL)—to provide for loan assistance for small businesses and other eligible entities for loans up to $2 million. The EIDL proceeds could be used to pay certain qualifying expenses (i.e., fixed debts, payroll, accounts payable, and other bills) that could have been paid had the disaster not occurred.

EIDL funds were issued directly from the United States Treasury, and applicants applied through the SBA via an online portal and application. The EIDL application process collected information concerning the business and the business owner. Applicants electronically certified that the information provided was accurate and were warned that any false statement or misrepresentation to the SBA or any misapplication of loan proceeds may result in sanctions, including criminal penalties.

Another response was the creation of a new loan program, the SBA Paycheck Protection Program (PPP), which was a loan designed, in part, to provide a direct incentive for small businesses to keep their workers on payroll. Under this program, the SBA could forgive all or part of the borrowing business's loans provided that employees were kept on the payroll for eight weeks and borrowers submitted documentation confirming that the loan proceeds were used for certain qualifying business expenses (i.e., payroll, rent, mortgage interest, or utilities).

Interested applicants applied through an existing SBA lender or any other participating federally-insured financial institution. The PPP application process required applicants to submit a Borrower Application Form through an SBA approved financial entity. The application contained information as to the purpose of the loan, average monthly payroll, number of employees, and background of the business and its owner. Applicants were also required to make certain good faith certifications, including that economic uncertainties had necessitated their loan proceeds only for the authorized purposes.

Beginning in July 2020 and continuing through May 2021, the defendant, Vettori Porter, participated in a scheme to defraud the SBA's EIDL and PPP programs. On July 1, 2020, Porter applied for an EIDL for his business Porter Lawn & Landscape. This application falsely and fraudulently claimed, among other material misrepresentations, that in 2019 Porter Lawn & Landscape had 9 employees with $100,000 in gross revenues and $0 in costs of goods sold. As a result of the material misrepresentations contained on Porter's application, on or about July 21,

2020, Porter received a transfer of $40,900 in EIDL funds sent from outside the state of Florida to a Financial Institution #1 account ending in 7848 located in the Middle District of Florida.

After several unsuccessful attempts at obtaining additional EIDL funding, in 2021, Porter started to apply for PPP loans. On April 19, 2021, Porter submitted a false and fraudulent PPP loan application, which fraudulently claimed the defendant operated a beauty salon that grossed $106,200.00 in 2019. In support of his application, the defendant provided a false and fraudulent Department of Treasury – Internal Revenue Service 2019 Form 1040, Schedule C, Profit and Loss from Business statement.

Three days after submitting his first PPP application, Porter submitted a second-draw PPP application for this same beauty salon business. The second-draw application contained all the same material misrepresentations as his first application. As a result of both applications, Porter's Financial Institution #1 account ending in 7848 received two interstate wire transfers, both in the amount of $20,833. The first transfer occurred on April 27, 2021, and the second one occurred on May 26, 2021.

Despite the assurances made on Porter's applications, Porter did not spend any of the funds on business expenses. Instead, he used the funds for items such as paying the rent and utilities for his apartment, cash transfers to family members, and other personal expenses.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: */s/ Merrilyn Hoenemeyer*
Merrilyn E. Hoenemeyer
Assistant United States Attorney
Florida Bar # 0124734
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: merrilyn.hoenemeyer@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Ryan J. Maguire, Esq.

By: */s/ Merrilyn Hoenemeyer*____________
Merrilyn Hoenemeyer
Assistant United States Attorney
Florida Bar No. 124734
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: merrilyn.hoenemeyer@usdoj.gov