**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

**v.** **Case No. 8:25-CR-578-VMC-CPT**

**VETTORI ALVIN PORTER.**
**_______________________________/**

**TIME-SENSITIVE MOTION TO CONTINUE TRIAL TERM**

Defendant, Vettori Alvin Porter, by and through undersigned counsel, and pursuant to Local Rule 3.08 and 18 U.S.C. § 3161(h)(7), moves this Court to continue the trial from the October 2026 trial term to the November 2026 trial term to allow time to complete the change of plea. As grounds, Mr. Porter states:

1. A change-of-plea hearing is scheduled before the Honorable Christopher P. Tuite on September 24, 2026, at 12:30 p.m. Doc. 39.
2. Mr. Porter's grandfather recently died unexpectedly. The family's memorial activities begin on September 24, the viewing is scheduled for September 25, and the funeral will be held on September 26 in Forest, Mississippi. Mr. Porter must travel to Mississippi and cannot attend the September 24 hearing. Defense can provide supporting documentation if the Court requests it. Doc. 44.

3. Defense intends to request that the change-of-plea hearing be reset during the week of September 28, 2026, subject to the Court's availability. Doc. 44.

4. Because the reset hearing will occur immediately before the October trial term, there will not be sufficient time to complete the change-of-plea proceedings and allow the District Court to act on any report and recommendation before that trial term. Continuing trial to November will permit the plea proceedings to be completed in an orderly manner and will avoid unnecessary trial preparation.

5. The requested continuance is brief and results from circumstances beyond Mr. Porter's control. It is made in good faith and not for the purpose of unnecessary delay.

6. Pursuant to Local Rule 3.08(b), undersigned counsel certifies that Mr. Porter consents to the requested trial continuance.

**MEMORANDUM OF LAW**

Local Rule 3.08 requires a timely motion that explains in detail why a continuance is warranted and the effort to resolve any scheduling conflict. For a trial continuance, counsel must also certify that the client consents. This motion identifies the unexpected family death, the conflicting funeral and travel, the effort to reset the plea hearing promptly, and Mr. Porter's consent.

The Speedy Trial Act permits the Court to exclude delay resulting from a continuance when the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The unexpected death in Mr. Porter's family requires the September 24 hearing to be reset. A short continuance will allow the planned change of plea to be completed and avoid unnecessary trial preparations. The ends of justice therefore outweigh the interests served by keeping the present trial term.

**WHEREFORE,** Mr. Porter respectfully requests that the Court continue trial to the November 2026 trial term, exclude the resulting delay under 18 U.S.C. § 3161(h)(7)(A), and grant any other appropriate relief.

DATED this 22nd day of September 2026.

Respectfully submitted,

CHARLES L. PRITCHARD, JR.
FEDERAL PUBLIC DEFENDER

*/s/ Ryan J. Maguire*
Ryan J. Maguire
Assistant Federal Public Defender
Florida Bar No. 117534
400 North Tampa St. Suite 2700
Tampa, FL 33602
Telephone: (813) 228-2715
Facsimile: (813) 228-2562
Email: ryan_maguire@fd.org

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of September 2026, a true copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to:

Merrilyn Elise Hoenemeyer, AUSA

*/s/ Ryan J. Maguire*
Ryan J. Maguire
Assistant Federal Public Defender