UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. Case No. 8:25-cr-578-VMC-CPT

VETTORI ALVIN PORTER

**UNITED STATES' MOTION**
**FOR ORDER OF FORFEITURE**

The United States moves this Court, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Federal Rule of Criminal Procedure 32.2(b)(2), to enter an order of forfeiture against the defendant in the amount of $82,566. In support, the United States submits the following.

**MEMORANDUM OF LAW**

## I. Statement of Facts

### A. Allegations Against the Defendant

1. The defendant was charged in an Indictment with wire fraud, in violation of 18 U.S.C. § 1343. Doc. 1.

2. The Indictment contained forfeiture allegations putting the defendant on notice that, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the United States would seek an order of forfeiture in the amount of $82,566, representing the amount of proceeds the defendant obtained from his wire fraud scheme. *Id.* at 7-8.

**B. Finding of Guilt**

3. On October 2, 2026, without the benefit of a plea agreement, the defendant pled guilty to Counts One, Two and Three of the Indictment. Docs. 51 and 53. The Court accepted the defendant's plea and adjudicated him guilty. Doc. 55.

4. The defendant's plea to the charge and the United States' Notice of Maximum Penalties, Elements of Offense, Personalization of Elements, and Factual Basis established that, beginning in July 2020 and continuing through May 2021, the defendant participated in a scheme to defraud the Small Business Administration's Economic Injury Disaster Loan (EIDL) and Paycheck Protection Program (PPP) programs. Doc. 36 at 4. On July 1, 2020, the defendant applied for an EIDL for his business Porter Lawn & Landscape. *Id.* This application falsely and fraudulently claimed, among other material misrepresentations, that in 2019 Porter Lawn & Landscape had 9 employees with $100,000 in gross revenues and $0 costs of goods sold. *Id.* As a result of the material misrepresentations contained in the defendant's application, on or about July 21, 2020, the defendant received a transfer of $40,900 in EIDL funds to a Financial Institution #1 ending in 7848. *Id.* at 4-5. On April 19, 2021, the defendant submitted a false and fraudulent PPP loan application, which fraudulently claimed the defendant owned and operated a beauty salon that grossed $106,200 in 2019. *Id.* at 5. In support of his application, the defendant provided a false and fraudulent Department of Treasury – Internal Revenue Service 2019 Form

1040, Schedule C, Profit and Loss from Business statement. *Id.* Three days after submitting his first PPP application, the defendant submitted a second-draw PPP application for this same beauty supply business. *Id.* The second-draw application contained all the same material misrepresentation as his first application. *Id.* As a result of both applications, the defendant's Financial Institution #1 account ending in 7848 received two interstate wire transfers, both in the amount of $20,833. *Id.* Despite the assurances made on the defendant's applications, he did not spend any of the funds on business expenses. *Id.* at 6.

## II. Applicable Law

### A. Forfeiture Statutes

Forfeiture in this case is governed by 18 U.S.C. § 981(a)(1)(C). Section 981(a)(1)(C) provides for the civil forfeiture of any property, real or personal, which constitutes or is derived from proceeds from any offense constituting "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offenses. A "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7), includes offenses listed in 18 U.S.C. § 1961(1). Specifically, 18 U.S.C. § 1961(1) includes violations of 18 U.S.C. § 1343. Pursuant to 28 U.S.C. § 2461(c), the government is authorized to forfeit this property criminally, and the procedures for the forfeiture and disposition of the property are governed by 21 U.S.C. § 853.

### B. Court's Determination of Forfeiture

Pursuant to Rule 32.2(b)(2), because the United States could not locate the specific property constituting or derived from the proceeds the defendant obtained from his wire fraud scheme, the United States seeks an order of forfeiture against the defendant in the amount of proceeds he obtained from his offenses. Indeed, for cases in which a defendant no longer has the actual dollars or property traceable to proceeds in his/her possession, or the government cannot locate those assets, the obligation to forfeit simply takes the form of an order of forfeiture in favor of the United States. *See United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir. 2008).

Here, the United States is entitled to an Order of Forfeiture against the defendant for the entire amount of the wire fraud scheme, not just the proceeds of the specific substantive count to which the defendant pled guilty. "When a scheme is charged, even though only certain substantive counts are proved, the proceeds of the scheme are forfeitable." *United States v. Clark*, 13-10034-CR, 2016 WL 361560, at *2 (S.D. Fla. 2016) (citing *United States v. Hasson,* 333 F.3d 1264, 1279–1280 (11th Cir. 2003)); *see also United States v. Venturella*, 585 F.3d 1013, 1015 (7th Cir. 2009) (forfeiture in fraud case "forfeiture is not limited to the amount of the particular mailing but extends to the entire scheme").

Rule 32.2(b)(1) provides that the Court must determine the amount of money that the defendant will be ordered to pay. The Court's determination may be based on evidence submitted by the parties and accepted by the Court as relevant and reliable.

Fed. R. Crim. P. 32.2(b)(1)(B). As was established by the United States' Notice of Maximum Penalties, Elements of Offense, Personalization of Elements, and Factual Basis, the defendant personally obtained $82,566 in proceeds as a result of the wire fraud offenses. If the Court finds that the defendant obtained at least $82,566 as a result of the offenses and the defendant has dissipated those proceeds, then it is appropriate for the Court to enter an order of forfeiture against the defendant in that amount pursuant to Rule 32.2(b)(2).

**III. <u>Conclusion</u>**

For the reasons stated above, the United States requests that the Court, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2), enter an Order of Forfeiture against the defendant in the amount of $82,566, for which he will be held liable.

The United States further requests that, because the $82,566 in proceeds was dissipated by the defendant, the United States may seek, as a substitute asset, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), forfeiture of any of the defendant's property up to the value of $82,566.

As required by Rule 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and include the forfeiture order, directly or by reference, in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(B) and *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

The United States further requests that the Court retain jurisdiction to order any substitute assets forfeited to the United States up to the amount of the order of forfeiture.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: *s/Suzanne C. Nebesky*
SUZANNE C. NEBESKY
Assistant United States Attorney
Fla. Bar No. 59377
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602
Tel: (813) 274 6000
E-mail: suzanne.nebesky@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*s/Suzanne C. Nebesky*
SUZANNE C. NEBESKY
Assistant United States Attorney